CATHARINE LUDWIG, RESPONDENT, *v.* LAWRENCE GLAESSEL, APPELLANT.

*Civil damage act* — 1873, *chap.* 646 — *right of infant children to assign their claim for damages to their mother* — *evidence.*

In an action, brought under the civil damage act, to recover damages caused by the defendant having sold liquor to the plaintiff's husband, the defendant was compelled, upon his cross-examination, to testify that he had shortly after the commencement of the action transferred all his property to his wife.
*Held,* that the court erred in admitting the evidence.
Where death has been occasioned by the sale to a man of intoxicating liquors, the guardian of his infant children may assign their claim to recover damages, under the Civil Damage Act, to their mother, who may maintain an action under the said Act to recover all the damages sustained.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new

trial made upon the minutes of the justice before whom the action was tried.

The plaintiff is the widow of one Adolph Ludwig. Her husband fell into a canal while intoxicated and was drowned. He left four infant children, for whom a guardian was appointed by the surrogate. The guardian, with the approval of the surrogate, thereafter assigned all the childrens' right of action to their mother, the plaintiff.

*George W. Smith*, for the appellant.

*J. E. Dewey*, for the respondent.

LEARNED, P. J.:

This is an action under the "civil damage" act. On the trial the defendant was a witness in his own behalf. Upon cross-examination he was asked: "Shortly after the commencement of this action did you put all your property in the hands of your wife?" The question was objected to as immaterial and improper. The objection was overruled and the defendant answered, "I had to." Further questions on this same point were put and allowed against his objection.

The plaintiff urges that as defendant would be liable under the act if he owned the building, this testimony was evidence of such ownership. But the plaintiff had on cross-examination proved that defendant owned the building. Although the ground of action in the complaint is the sale of the liquor to the deceased husband of plaintiff and not the ownership of the building where the sale was made. There was no propriety then in proving that the defendant had put all his property in the hands of his wife shortly after the commencement of the action. This was not material to the issue and was likely to prejudice the jury as a kind of admission of defendant's liability. The conveyance to the wife might be fraudulent, or might be valid, as against creditors. But the defendant could not expect to try that question of fraud in this action and could not be prepared for that purpose.

On the question whether the claims of the children under the "civil damage" act might be assigned to the plaintiff, the mother, we may refer to the case of *Moriarty* v. *Bartlett*, recently decided *

* Reported, *ante,* page 272.

in this department. We there held that the executor of the defendant, in an action under the "civil damage" act might be substituted on the death of the defendant.

The views there taken seem, by analogy, to hold that the claims are in their nature assignable. How far the policy of the act might be held to forbid the assignment to a stranger, we need not consider. The assignment in this case was to the mother, on whom the duty of supporting the children had devolved by the father's death.

For the error in the admission of evidence there should be a new trial, costs to abide event.

Judgment reversed, new trial granted, costs to abide event.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Judgment reversed, new trial granted, costs to abide event.